## LAUTENSCHLAGER *v.* GLASS. (2)

PATENTS; INTERFERENCE; APPEAL AND ERROR.

In an interference, the question whether a prior application of one of the parties constituted an anticipation of the invention of the issue cannot be raised in this court. (Citing *Slingluff* v. *Sweet,* 45 App. D. C. 302.)

No. 1143.   Patent Appeals.   Submitted January 18, 1918.   Decided March 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Richard P. Elliott* and *Mr. Francis J. V. Dakin* for the appellant.

*Mr. A. D. Salinger* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

This interference is between an application filed by William F. Lautenschlager on August 11, 1914, and a patent granted Perley R. Glass July 7, 1914, on an application filed October 31, 1913, which was a division of an application filed May 15, 1913.

The invention relates to a method of folding the upper or inner edges of closed vamps, and is expressed in five counts, of which the following, count 1, is sufficiently illustrative:

"1. The method of finishing the edge of a vamp which consists in stitching the rear ends of the vamp together so that its upper edge will present an endless outline, cementing said edge for its entire length, and finally folding the edge in a step-by-step manner, progressing from a given starting point entirely around said edge and back to the starting point."

The Examiner of Interferences and the Examiners in Chief awarded priority to Glass, and Lautenschlager practically abandoned his appeal before the Assistant Commissioner; for that official in his opinion states: "Neither orally nor by brief has any attempt been made to show that the lower tribunals were in error in holding that Glass was entitled to the award of priority. No appeal was taken within the time set in the decision of the Examiners in Chief. The limit of appeal, however, was extended by the Commissioner in view of a petition brought in the companion interference No. 37,185 (*Lautenschlager* v. *Glass, ante,* 443). The only purpose of taking the appeal seems to have been that an argument in the other interference might be based on the testimony in this interference." The Assistant Commissioner thereupon affirmed the prior decisions.

In this court the sole question presented, according to the brief of counsel for appellant, is whether a prior application of Lautenschlager constitutes an anticipation of this invention; in other words, whether the patent was rightfully granted in view of the prior art. Such question, we have ruled, may not be raised here. *Slingluff* v. *Sweet,* 45 App. D. C. 302.

The decision is affirmed.                    *Affirmed.*